IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 9:48 am, Mar 27, 2019*

| | |
|---|---|
| LEONARD WIMBERLY, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH HUTCHINGSON, in his individual capacity, <br><br> Defendant. | CIVIL ACTION NO.: 6:17-cv-146 |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff brought this 42 U.S.C. § 1983 action against Defendant Hutchingson while incarcerated at Georgia State Prison in Reidsville, Georgia, to challenge certain conditions of his confinement.  Doc. 1.  Plaintiff also submitted a motion to proceed *in forma pauperis*, which this Court granted.  Docs. 2, 9.  After the requisite frivolity review, I **FIND** Plaintiff sets forth colorable retaliation and deliberate indifference claims against Defendant Hutchingson.  However, I **RECOMMEND** the Court **DISMISS** Plaintiff's request for compensatory and punitive damages.  Accordingly, the Court **DIRECTS** the United States Marshal to serve Defendant Hutchingson with a copy of Plaintiff's Complaint, doc. 1, and this Order without prepayment of cost.  The Court also **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## BACKGROUND[1]

Plaintiff alleges that Defendant has deliberately and intentionally engaged in a pattern and practice of mistreatment and showed deliberate indifference to Plaintiff's safety as part of Defendant's effort to retaliate against Plaintiff for filing previous lawsuits and grievances. Doc. 1 at 5–7. Plaintiff alleges that Defendant denied him new clothing in retaliation for the grievances and lawsuits Plaintiff filed. Id. at 6. Secondly, Defendant ensured Plaintiff would be "demoted" from phase three to phase one of the Tier II program during his 90-day review on November 3, 2017, even though Plaintiff had not received any negative comments in his performance sheets. Id. at 6–7.

Plaintiff also alleges that Defendant Hutchingson, the manager of the unit where Plaintiff was housed, ordered Plaintiff be moved to a cell with an inmate who previously assaulted Plaintiff ("inmate Mobley") on August 16, 2016. Id. at 5. Before reassigning housing, Defendant Hutchinson was responsible for ensuring that new housing assignments did not group together inmates who had documented disciplinary problems with each other. Id. at 6. Though Defendant Hutchingson knew that inmate Mobley had assaulted Plaintiff on May 5, 2015, and that inmate Mobley received disciplinary report after that attack, Defendant Hutchingson intentionally moved Plaintiff to inmate Mobley's cell to retaliate against Plaintiff. Id. at 5–6. When Corrections Officer Tiffany Henry, who is not a Defendant in this action, brought Plaintiff to Inmate Mobley's cell, inmate Mobley rushed at Plaintiff, forcing Plaintiff to defend himself. Id. Plaintiff sustained no physical injuries from this attack, but he now suffers from post-traumatic stress disorder. Id. at 6. As relief, Plaintiff seeks a declaratory judgment, prospective

---

[1] During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

and equitable relief, $25,000 in compensatory damages, $25,000 in punitive damages, and all other "necessary and appropriate relief." Id. at 8.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Retaliation Claim

"It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. (quoting

4

Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)).  "To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech."  Id.  "To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech."  Smith, 532 F.3d at 1276 (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

Liberally construing Plaintiff's Complaint, the Court finds Plaintiff has stated a plausible retaliation claim against Defendant Hutchingson.  Plaintiff describes various acts of retaliation because he submitted grievances and filed a lawsuit which alleged that prison officials violated the prison's internal policies and his constitutional rights.  Plaintiff's lawsuit and grievances are constitutionally protected speech.  Accordingly, because Plaintiff alleges that he suffered adverse action as a result of his grievance and lawsuit, his retaliation claim survives frivolity review and shall proceed.

## II.     Plaintiff's Deliberate Indifference Claim

The Eighth Amendment "imposes a duty on prison officials" to "take reasonable measures to guarantee the safety of the inmates."  Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099–1100 (11th Cir. 2014).  "A prison official violates the Eighth Amendment 'when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.'"  Id. (emphasis omitted) (quoting Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).  While "[p]rison officials have a duty . . . to protect

prisoners from violence at the hands of other prisoners[,]" constitutional liability does not flow from "every injury suffered by one prisoner at the hands of another . . . ." Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  Rather, a prison official must be faced with a known risk of injury that rises to the level of a "strong likelihood rather than a mere possibility" before his failure to protect an inmate can be said to constitute deliberate indifference.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).

Plaintiff raises a colorable Eighth Amendment claim regarding Defendant Hutchingson's deliberate indifference to the danger posed by moving Plaintiff to inmate Mobley's cell.  Plaintiff alleges that Defendant Hutchingson is responsible for reviewing the safety of cell assignments and personally ordered the transfer.  Plaintiff asserts that Defendant Hutchingson knew that inmate Mobley previously assaulted Plaintiff and received a disciplinary report for the fight.  According to Plaintiff, Defendant Hutchingson knew and intended that Plaintiff would be attacked when he ordered Plaintiff be moved to inmate Mobley's cell.  Thus, Plaintiff's deliberate indifference claim survives this Court's frivolity review.

### III.   Plaintiff's Claim for Damages

"Section 1997e(e) of the PLRA bars prisoner civil actions for 'mental or emotional injury suffered while in custody without a prior showing of physical injury.'" Young v. Smith, No. 6:17-CV-131, 2018 WL 3447179, at *14 (S.D. Ga. July 17, 2018); see also 42 U.S.C. § 1997e(e).  However, "[w]hile § 1997e(e) precludes a prisoner from seeking compensatory or punitive damages without a prior showing of physical injury, it does not preclude a prisoner from seeking nominal damages." Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (finding the trial court erred in not liberally construing a pro se prisoner's complaint to

6

determine whether the plaintiff sought nominal damages for a retaliation claim); Oliver v. Falla, 258 F.3d 1277, 1282 (11th Cir. 2001). "Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." Lott, 350 F.3d at 1162 (remanding for a determination as to whether plaintiff-inmate was entitled to nominal damages).

Here, the Court finds that Plaintiff failed to allege a physical injury but may still be able to obtain nominal damages and other non-monetary requested relief. In his Complaint, Plaintiff admits he did not sustain any physical injuries from inmate Mobley's attack. Doc. 1 at 6. He does not allege any other physical injuries, asserting only that he now suffers from post-traumatic stress disorder. This is not enough to sustain a request for compensatory or punitive damages. However, in his Complaint, Plaintiff also requested a declaratory judgment, equitable relief, court costs, and "other necessary and appropriate relief." Id. at 8. Construed liberally, Plaintiff's asked-for relief amounts to a request for nominal damages. Boxer X v. Donald, 169 F. App'x 555, 558–59 (11th Cir. 2006) (finding that plaintiff-prisoner "did seek nominal damages when his complaint requested compensatory damages and 'any other relief the court deem[s] appropriate.'"). Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's requests for compensatory and punitive damages.

## CONCLUSION

As stated above, the Court **FINDS** that Plaintiff alleges colorable deliberate indifference and retaliation claims against Defendant Hutchingson. However, I find that Plaintiff has not alleged that he suffered a physical injury from Defendant's conduct, and, therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's requests for compensatory and punitive damages. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and

Recommendation upon Plaintiff. Additionally, the Court **ORDERS** that copy of Plaintiff's Complaint, doc. 1, and a copy of this Order be served upon Defendant Hutchingson by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the Marshal will

first mail a copy of the complaint to defendant by first-class mail and request that defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct

copy of any document was mailed to Defendant or his counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  Local R. 26.1.  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for

10

Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in

Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 27th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA