IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 2:19 pm, Jan 10, 2020*

| | |
|---|---|
| LEONARD WIMBERLY, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:17-cv-146 |
| v. | |
| JOSEPH HUTCHINGSON, in his individual capacity,[1] | |
| Defendant. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's June 7, 2019 Order and Defendant Hutchingson's pending Motion to Dismiss. Docs. 17, 19. For the following reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** and **DENY as moot** Defendant's Motion to Dismiss, doc. 17. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed this action alleging Defendant Hutchingson deliberately and intentionally engaged in a pattern and practice of mistreatment. Doc. 1 at 5–7. Plaintiff asserts Defendant showed deliberate indifference to Plaintiff's safety as part of

---

[1] There is some inconsistency in the record regarding the proper spelling of Defendant's name. See Docs. 15, 16 (identifying Defendant as Joseph Hutcheson); Doc. 17 (identifying Defendant as Joseph Hutchgson and Hutchingson). The spelling differences are inconsequential, as no party disputes the actual identity of the Defendant. For the purposes of this Order and Report and Recommendation, the Court will continue to refer to Defendant as "Joseph Hutchingson."

Defendant's effort to retaliate against Plaintiff for filing previous lawsuits and grievances.  The Court, after conducting the requisite frivolity review, permitted Plaintiff to proceed on his claims of retaliation and deliberate indifference but dismissed Plaintiff's requests for punitive and compensatory damages.  See Doc. 14.

On June 4, 2019, Defendant Hutchinson filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), alleging Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.  Docs. 17, 17-1.  This Court, thereafter, issued an Order on June 7, 2019 requiring "Plaintiff to file a response either opposing or indicating his lack of opposition to Defendant's Motion to Dismiss within 21 days . . . ."  Doc. 19 (emphasis omitted).  The Court further stated, "If Plaintiff fails to file a timely response, the Court will presume Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action."  Id. (citing Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion.") (emphasis omitted)).  Over seven months have passed since the Court's June 7, 2019 Order, and Plaintiff has failed to respond to Defendant's Motion to Dismiss.  Further, there have been no filings in this case by Plaintiff since September 19, 2018, when Plaintiff filed a notice of change of address.  Doc. 11.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's June 7, 2019 Order.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY as moot** Defendant's Motion to Dismiss, doc. 17.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis.*

2

I.    **Dismissal for Failure to Prosecute and Follow this Court's Order**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court.").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  In contrast, dismissal *without* prejudice for failure to

3

prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff has failed to diligently prosecute his claims, as he has failed to respond to Defendant's Motion to Dismiss despite being ordered to respond within 21 days over seven months ago.  Doc. 19.  For this reason, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY as moot** Defendant's Motion to Dismiss, doc. 17.[2]  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of

---

[2]    As stated in this Court's June 7, 2019 Order, doc. 19, the failure of Plaintiff to file a response to Defendant's Motion to Dismiss indicates the Motion is unopposed.  See Local R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").  However, this Court will refrain from addressing the substance of Defendant's Motion to Dismiss at this time, as Plaintiff's failure to comply with the Court's Order gives this Court a separate ground on which to recommend dismissal.

dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directive and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** this action, **DENY as moot** Defendant's Motion to Dismiss, doc. 17, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED and REPORTED and RECOMMENDED**, this 10th day of January, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA